IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Amanda Olson, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   17 C 5933 |
| Atlantic Credit & Finance, Inc., a Virginia corporation, and Midland Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Amanda Olson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Amanda Olson ("Olson"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed to Credit One Bank.

4. Defendant, Atlantic Credit & Finance, Inc. ("Atlantic), is a Virginia corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Atlantic operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Atlantic was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts that id did not originate. Defendant Midland operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Midland was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies like its sister company, Atlantic. Defendant Midland's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

7. Defendants Atlantic and Midland are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, <u>see</u>,

records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct substantial business in Illinois.

8. Defendants Atlantic and Midland are both licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Department of Professional Regulation, attached as Group Exhibit B. In fact, both Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. On June 25, 2014, Ms. Olson filed a Chapter 13 bankruptcy petition in a matter styled In re: Olson, N.D. Ill. Bankr. No. 14-23633, which was converted to a Chapter 7 bankruptcy on January 23, 2017. Among the creditors listed on Ms. Olson's Schedule of Post-Petition Debts that were included in the converted bankruptcy was a debt she allegedly owed to Credit One Bank, see, Schedule attached as Exhibit C.

10. Accordingly, on January 27, 2017, Midland was sent, via electronic transmission, notice of the bankruptcy by the court. Moreover, Credit One Bank was sent, via U.S. Mail, notice of the bankruptcy by court. See, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

11. Ms. Olson received a discharge of her debts on April 25, 2017. On April 26, 2017, via electronic transmission, Midland was sent notice of the discharge by the court. While on April 27, 2017, via U.S. Mail, was sent notice of the discharge by the court. See, the Certificate of Service to the Discharge of Debtors, which is attached as Exhibit E.

12. Plaintiff's bankrupcy is a matter of public record, is on her credit reports, is in the files on the original creditor's, Credit One Bank, as well Defendant Midland's, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

13. Nonetheless, Defendants sent Ms. Olson a collection letter, dated August 1, 2017, demanding payment of the Credit One Bank debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit F.

14. Defendants' violations of the FDCPA were material because, Defendants' continued collection communications after she had received her bankruptcy discharge made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the FDCPA and the Bankruptcy Code.

15. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the

character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

19. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

20. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

23. Here, the bankruptcy and the notices issued by that court (Exhibits D and E) provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit F), Defendants violated § 1692c(c) of the FDCPA.

24. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Amanda Olson, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Olson, and against Defendants, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Amanda Olson, demands trial by jury.

                Amanda Olson,

                By:/s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated: August 15, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com